## NOT DESIGNATED FOR PUBLICATION

### STATE OF LOUISIANA

### COURT OF APPEAL

### FIRST CIRCUIT

### 2020 KA 1338

### STATE OF LOUISIANA

### VERSUS

### ELISA LANDRY

*DATE OF JUDGMENT:*     **OCT 1 2 2021**

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
NUMBER 04-18-0549, SECTION 5, PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

HONORABLE TARVALD ANTHONY SMITH, JUDGE

* * * * * *

| | |
|---|---|
| Hillar C. Moore<br>District Attorney<br>Dylan C. Alge<br>Assistant District Attorney<br>Baton Rouge, Louisiana | Counsel for Appellee<br>State of Louisiana |
| Prentice Lang White<br>Baton Rouge, Louisiana | Counsel for Defendant-Appellant<br>Elisa Landry |

* * * * * *

BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

Disposition: **CONVICTION AND SENTENCE ON COUNT I VACATED; REMANDED.**

CHUTZ, J.

The defendant, Elisa Landry, was charged by bill of information with attempted second-degree murder, a violation of La. R.S. 14:27 and La. R.S. 14:30.1 (count I); simple kidnapping, a violation of La. R.S. 14:45 (count II); and resisting a police officer with force or violence, a violation of La. R.S. 14:108.2 (count III). She pled not guilty on all counts. She filed a motion to instruct the jury that a unanimous verdict was required to convict her on each count, but the motion was denied.[1] Following a jury trial, by non-unanimous verdicts, on count I, she was found guilty of the responsive offense of attempted manslaughter, a violation of La. R.S. 14:27 and La. R.S. 14:31; and on counts II and III, she was found not guilty. She was sentenced to fifteen years at hard labor. She now appeals, challenging the constitutionality of the non-unanimous verdict on count I. For the following reasons, we vacate the conviction and sentence on count I and remand for further proceedings.

## CONSTITUTIONALITY OF NON-UNANIMOUS VERDICT

In her sole assignment of error, the defendant contends the conviction on count I was based on a non-unanimous verdict, and thus, must be vacated under *Ramos v. Louisiana*, __ U.S. __, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020).

In the recent decision of *Ramos v. Louisiana*, __ U.S. at __, 140 S.Ct. at 1397, the United States Supreme Court overruled *Apodaca v. Oregon*,[2] 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a

---

[1] The motion was filed prior to the U.S. Supreme Court's decision in *Ramos v. Louisiana*, __ U.S. __, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020).

[2] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in *Apodaca*. *Johnson v. Louisiana*, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with *Apodaca*, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts in criminal cases.

2

unanimous verdict to convict a defendant of a serious offense. The *Ramos* Court further indicated its ruling may require retrial of those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. *Ramos*, __ U.S. at __, 140 S.Ct. at 1406. Thus, as the verdict on count I was non-unanimous, we hereby set aside the conviction and sentence, and the case is remanded to the trial court for further proceedings. See *State v. Varnado*, 2020-00356 (La. 6/3/20), 296 So.3d 1051 (per curiam) ("[t]he present matter was pending on direct review when *Ramos v. Louisiana* was decided, and therefore the holding of *Ramos* applies."); *State v. Curry*, 2018-1764 (La. App. 1st Cir. 11/6/20), 315 So.3d 912, 913.

This assignment of error has merit.

## DECREE

For these reasons, we vacate the conviction and sentence of Elisa Landry on Count I and remand the matter.

**CONVICTION AND SENTENCE ON COUNT I VACATED; REMANDED.**

3